UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TOMARCUS PORTER | * | CIVIL ACTION |
| VERSUS | * | NO. 24-504 |
| CALEB LEMIRE, ET AL. | * | SECTION "E" (2) |

## ORDER AND REASONS

Pending before me are Plaintiff Tomarcus Porter's "Motion for Petition to Preserve Evidence and Request" and "Motion to Appoint Counsel." ECF Nos. 8, 9.

## I.    BACKGROUND

Plaintiff is currently incarcerated at Rayburn Correctional Facility.  He filed this § 1983 action alleging that, on September 8, 2022, two guards moved him in a back and forth direction to make it look like he was resisting and then slammed his head causing injury to his eye.  ECF No. 4 at 6-7. On March 26, 2024, the court granted Plaintiff's application to proceed *in forma pauperis*, and summons were issued that same day.  ECF No. 6, 7.

Plaintiff filed a "Motion for Petition to Preserve Evidence and Request."  ECF No. 8.  In the motion, Plaintiff appears to ask the court to conduct an *in camera* review of the following evidence from September 9, 2021[1]: (1) all documents prepared by Defendants; (2) all camera and body camera footage; (3) all photos of the incident; and (4) any other documents by Defendants on the claim incident.  *Id.*

Plaintiff has also filed a Motion for Appointment of Counsel.  ECF No. 9.  In support of his request, Plaintiff indicates that he cannot afford counsel, he has limited knowledge of the law,

---

[1] The Complaint and attachments inconsistently refer to the date of the incident as September 8, 2021 and September 8, 2022.  *Compare* ECF No. 4 at pp. 6 and 9 (listing date as 2022) *with* pp. 7, 8 (2021).

the prison is not giving him legal assistance, the law library worker (named as Flyod Webb, #99314) has denied his request for help, and Plaintiff suffers from Bipolar disorder.  *Id.*

## II.   **APPLICABLE LAW**

### A.   **Discovery**

Discovery in a civil proceeding is governed by Rules 26-37 of the Federal Rule of Civil Procedure.  Further, the duty to preserve material evidence arises once a party knows or should have known that litigation is imminent; it does not depend on a court order.[2]  If a party fails to take necessary steps to preserve electronically stored evidence or intentionally destroys evidence, that party may be sanctioned.[3]

### B.   **Appointment of Counsel**

A litigant has no constitutional right to a court-appointed attorney in a civil case,[4] even one involving civil rights.[5]  A court may, however, appoint counsel "if doing so would advance the proper administration of justice."[6]  Appointment of counsel under § 1915(e)(1) should not occur as a matter of course or ordinary practice.[7]

Under 28 U.S.C. § 1915(e)(1), a court has the authority to ***request*** an attorney to represent a person unable to afford counsel.  To *request* counsel under § 1915(e)(1), the plaintiff must

---

[2] *See Condrey v. SunTrust Bank of Georgia*, 431 F.3d 191, 203 (5th Cir. 2005); *see also Consol. Alum. Corp. v. Alcoa, Inc.*, 244 F.R.D. 335, 339 (M.D. La. 2006) (noting that a party must preserve materials that it reasonably knows or can foresee would be material to a legal or potential legal action) (citing *Zubulake v. UBS Warburg, LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003)).

[3] Fed. R. Civ. P. 37(e)(2); *Coastal Bridge Co., L.L.C. v. Heatec, Inc.*, 833 F. App'x 565, 573 (5th Cir. 2020) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991)).

[4] *See F.T.C. v. Assail, Inc.*, 410 F.3d 256, 267 (5th Cir. 2005) (constitutional right to counsel does not apply to civil *pro se* litigants) (citations omitted).

[5] *Hadd v. LSG-Sky Chefs*, 272 F.3d 298, 301 (5th Cir. 2001) (citing *Castro Romero v. Becken*, 256 F.3d 349, 353–54 (5th Cir.2001) (holding that there is no automatic right to appointment of counsel in civil rights cases).

[6] *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989).

[7] *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007) (citation omitted); *see also Hadd*, 272 F.3d at 301; *Castro Romero*, 256 F.3d at 353–54; *Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015) (citing *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982)).

establish the existence of "exceptional circumstances."[8]  Although the Fifth Circuit has declined

to articulate a comprehensive definition of "exceptional circumstances," it has identified various

factors that a court should consider in determining whether exceptional circumstances warrant the

appointment of counsel:[9]

> (1) the type and complexity of the case;
> (2) whether the indigent plaintiff is capable of adequately presenting the case;
> (3) whether the indigent plaintiff is in a position to investigate and adequately prepare the case;
> (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and
> (5) the likelihood that appointment will benefit the petitioner, the court, and the defendants by shortening the trial and assisting in just determination.[10]

Thus, a § 1983 plaintiff, even if demonstrably indigent, is not entitled to appointed counsel as a

matter of right.[11]

Before addressing whether exceptional circumstances exist for purposes of § 1915(e)(1),

the court should generally screen the complaint under 28 U.S.C. § 1915(e)(2),[12] which considers

whether it is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted;

or (3) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C.

§ 1915(e)(2)(B).   This process requires the court to assess whether the plaintiff's claims meet a

threshold level of plausibility, which "embraces not only the inarguable legal conclusion, but also

the fanciful factual allegation."[13]  In addition, the court should consider the extent of a plaintiff's

---

[8] *See Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982); *Ulmer*, 691 F.2d at 213.

[9] *Ulmer*, 691 F.2d at 213 (quoting *Branch*, 686 F.2d at 266).

[10] *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992); *Ulmer*, 691 F.2d at 213.

[11] *Thompson v. Texas Dep't of Crim. Just.*, 67 F.4th 275, 283 (5th Cir. 2023) (citing *Naranjo*, 809 F.3d at 799 (citing *Ulmer*, 691 F.2d at 212)).

[12] *Cf.* April 22, 2014 Resolution of the En Banc Court (permanently adopted on October 5, 2016), Section 3(d).  The screening review process applies to *in forma pauperis* cases filed by both prisoners and non-prisoners.  *See Newsome v. E.E.O.C.*, 301 F.3d 227 (5th Cir. 2002) (dismissing non-prisoner case under § 1915(e)(2)(B)(i) and (ii) for frivolity and failure to state a claim); *Malone v. La Dep't of Safety & Corr.*, No. 17-CV-1025, 2017 WL 4106244 (W.D. La. Aug. 25, 2017) (finding that §1915(e)(2) applies equally to prisoners and non-prisoners).

[13] *Naranjo*, 809 F.3d at 799 (citations omitted); *Neitzke v. Williams*, 490 U.S. 319, 324, 325, 327-28 (1989) (stating that a claim is frivolous if it "lacks an arguable basis either in law or in fact," and lacks an arguable basis in fact when it describes "fantastic or delusional scenarios"); *see also Howard v. Langston*, 544 F. App'x 427, 427 (5th Cir. 2013)

attempts to secure private counsel independently[14] and whether appointment would be a service to the court and all parties by sharpening the issues, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination.[15]  Thus, an indigent plaintiff must first demonstrate that the asserted claim meets "a threshold level of plausibility" and then show "exceptional circumstances" before the court considers requesting appointed counsel.[16]

In addition to § 1915(e)(1), the court has extra-statutory, inherent authority to **compel** an attorney to represent a party when exceptional circumstances exist *and* efforts to secure non-compulsory representation are unsuccessful.[17]  The power to compel appointment of counsel, however, is a power of last resort and is not to be invoked unless all other options have been exhausted.[18]  Before ordering mandatory or compelled representation, the court may consider additional circumstances, including:

    (1) an attorney's assessment that the claims are meritless;
    (2) whether taking the case could subject the attorney to discipline;
    (3) plaintiff's antagonistic behavior toward previous counsel;
    (4) whether the attorney has good cause to decline; and
    (5) any change in circumstances.[19]

## III.    <u>ANALYSIS</u>

### A.  <u>Request for *In Camera* Inspection</u>

Initially, Defendants' preservation of evidence obligation exists even without a court order. Further, Plaintiff is entitled to conduct discovery in accordance with the Federal Rules of Civil Procedure.  *See* FED. R. CIV. P. 26 – 37.  That includes the ability to issue Requests for Production

---

("Court may dismiss a claim as factually frivolous where the facts alleged are 'clearly baseless,' such as when the allegations are fanciful, fantastic, or delusional.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).
[14] *Naranjo*, 809 F.3d at 799 (citing *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989)).
[15] *Ulmer*, 691 F.2d at 213.
[16] *Id.*
[17] *Naranjo*, 809 F.3d at 804.
[18] *Id.*; *see also Byrd v. Lindsey*, 736 F. App'x 465, 468 (5th Cir. 2018) (re-affirming inherent authority to appoint counsel).
[19] *Naranjo*, 809 F.3d at 805-06.

of Documents under Rule 34 seeking the documents and recordings relevant to Plaintiff's claims in this case.

Although there may be appropriate instances in which the court is asked to review discovery materials *in camera,* such as when a party seeks to withhold a privileged document and the other party contends the document is not privileged, *in camera* review of documents at one party's request during routine discovery in not appropriate.  Plaintiff provides no evidence to justify *in camera* review of any documents at this time.

**B.  Request for Appointment of Counsel**

Plaintiff's claims in this case involve allegations of excessive force, assault and battery, deliberate indifference and malfeasance.  ECF No. 4 ¶ IV at 4.  Plaintiff alleges that, when being escorted back to his cell, officers pulled him back and forward to make it look like he was resisting and then flipped him on his head.  *Id.*  Plaintiff's claims thus survive the § 1915(e)(2) inquiry.

Plaintiff does not establish exceptional circumstances justifying appointment of counsel under § 1915(e)(1).  "Every civil lawsuit is in some ways complex, but not every lawsuit warrants court appointed counsel. It is only those extraordinarily complex cases that require such extraordinary measures."[20]  This case does not appear to be particularly complex, and Plaintiff has not provided any basis to conclude that he is incapable of investigating, preparing or adequately presenting the case.  Plaintiff's related motion to preserve evidence (ECF No. 8) indicates that the interaction at issue was recorded.  This suggests that the evidence will not consist in large part of conflicting testimony that would require skill in presentation of evidence and cross-examination, but rather, will consist of videotaped evidence of the event.  Nor is there any indication that

---

[20] *LaBranche v. Nestor I LLC*, No. 18-8399, 2019 WL 3891555, at *3 (E.D. La. Aug. 19, 2019) (citing *Hudson v. Univ. of Tex. Med. Branch*, 441 F. App'x 291, 293 (5th Cir. 2011)).

appointment will benefit the petitioner, the court, or the defendants by shortening the trial and assisting in a just determination.

**IV.**   <u>**CONCLUSION**</u>

Plaintiff provides no basis to justify the *in camera* review of documents, nor is there any other basis for issuance of an order governing discovery at this time. With regard to the request for counsel, Plaintiff has failed to establish exceptional circumstances necessary to justify appointed counsel under § 1915(e)(1) at this time. Should Plaintiff later establish the existence of exceptional circumstances, he may at that time move for appointment of counsel.

Accordingly,

IT IS ORDERED that Plaintiff's "Motion for Petition to Preserve Evidence and Request" is DENIED;

IT IS FURTHER ORDERED that Plaintiff's "Motion to Appoint Counsel" is DENIED.

New Orleans, Louisiana, this _____17th_____ day of April, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE