UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TOMARCUS PORTER | CIVIL ACTION |
| VERSUS | NO. 24-504 |
| CALEB LEMIRE, ET AL. | SECTION "E" (2) |

## <u>ORDER AND REASONS</u>

Plaintiff Tomarcus Porter filed a Motion for Leave to File Supplemental Claim (ECF No. 16) seeking to include additional claims against defendants Lieutenant Lance Wallance and Colonel Thomas Mitchell.   In his original *pro se* and *in forma pauperis* complaint under 42 U.S.C. § 1983, Porter named as defendants Master Sergeant Caleb Lemire, Master Sergeant Dustin Luper, Colonel Mitchell, and Lieutenant Wallance.   He alleged that the defendants committed assault and battery, due process violations of the 14th Amendment, excessive force in violation of the 8th Amendment, deliberate indifference, and malfeasance in office.   ECF No. 4, ¶IV, at 4.   He also asserted a failure to supervise claim against Lt. Wallance.   *Id.*   Specific to Col. Mitchell, Porter alleged that Col. Mitchell wrote a fabricated disciplinary report against plaintiff.   *Id.* at 6.   He also alleges that Col. Mitchell overlooked his allegations of excessive force by Sergeants Lemire and Luper and instead relied on the "RVR" or rules violation report written by the officers.   *Id*.

Amendments to pleadings are governed by FED. R. CIV. P. 15(a), which states that leave to amend "shall be freely given when justice so requires."[1]   District courts have discretion to determine whether justice requires granting leave.[2]   "A district court must possess a 'substantial

---

[1] *See*, *e.g.*, *Gibson v. Ocean Shipholdings, Inc.*, No. 15-0662, 2015 WL 4645663, at *2 (E.D. La. Aug. 4, 2015) (applying FED. R. CIV. P. 15(a) to motion to substitute party-defendant).
[2] *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *Daves v. Payless Cashways, Inc.*, 661 F.2d 1022, 1024 (5th Cir. 1981).

reason' to deny a request for leave to amend, but 'leave to amend is by no means automatic.'"[3] The factors "includ[e] undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."[4]

Broadly construing the attachment to his motion, Porter seeks to add claims against Lieutenant Wallance for failure to supervise Col. Mitchell.   ECF No. 16, at 2.   He also seeks to expound on his claims against Col. Mitchell to include allegations that he ignored Porter's administrative grievance report and failed to provide him equal protection by making a fabricated report document.   *Id*.   He also provides additional factual background for the alleged incident with M. Sgts. Lemire and Luper.   *Id*. at 2.   He also includes a statement that the incident resulted in the mental health unit diagnosing him with trauma and nightmares as a result of the defendants' malfeasance.   *Id*.

The allegations included in the proposed supplemental claims are closely related to the claims already asserted in Porter's original complaint.   The court finds no dilatory motive or futility in allowing Porter to expound on his existing claims.   In addition, defendants have not yet filed responsive pleadings and will suffer no apparent prejudice from the supplement explanations of Porter's claims against the defendants.   Accordingly,

**IT IS ORDERED** that Porter's Motion for Leave to File Supplemental Claims (ECF No. 16) is **GRANTED**.

---

[3] *Jones v. Robinson Prop. Grp., L.P.*, 427 F. 3d 987 (5th Cir. 2005) (citing *Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002); *Halbert v. City of Cherman*, 33 F.3d 526, 529 (5th Cir. 1994)).
[4] *Id*. (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)).

**IT IS FURTHER ORDERED** that the Clerk of Court separately file and docket a copy

of the attachment to Porter's motion (ECF No. 16, at 2) as a plaintiff's Supplemental Complaint.

New Orleans, Louisiana, this  17th  day of June, 2024.


DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE