UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TOMARCUS PORTER | CIVIL ACTION |
| VERSUS | NO. 24-504 |
| CALEB LEMIRE, ET AL. | SECTION "E" (2) |

## ORDER AND REASONS

Plaintiff Tomarcus Porter filed a Motion for Civil Contempt Sanctions (ECF No. 27) requesting that the defendants Caleb Lemire, Dustin Luper, Thomas Mitchell, and Lance Wallance be held in contempt and sanctioned for their failure to timely file an answer or responsive pleading in this case. Under a liberal reading of his *pro se* pleading, Porter argues that the defendants were required to file an answer within 21 days after service of summons, or by May 29, 2024, and failed to do so. *Id.*, ¶1-2, at 1. He recognizes, apparently, that the defendants were granted an extension of time to file an answer or responsive pleading by June 19, 2024, but have failed to meet that deadline. *Id.*, ¶2, at 1-2; ECF Nos. 14, 15.

Porter incorrectly asserts that the defendants have not filed a motion to dismiss under Fed. R. Civ. P. 12(b) nor have they filed an answer during the extended time allowed by the court. *Id.*, ¶4, at 2. Porter also argues that the court's grant of an extension equated to an order requiring defendants to answer under 42 U.S.C. § 1997e(g)(2), and defendants have failed to abide by that order. *Id.*, ¶2, at 1. Therefore, he seeks an order holding defendants in contempt and appropriate sanctions for the defendants failure to comply with the court's summons and order. *Id.*, ¶3, at 2; *id.*, ¶11, at 3.

Porter fails to acknowledge that defendant Lance Wallance has not been served with summons. ECF No. 13. The court has issued a separate order for Porter to show cause why

Wallance should not be dismissed for Porter's failure to serve unless he can provide a service address. ECF No. 26. There can certainly be no failure to respond by a defendant who has not been properly served.

As to the remaining defendants, Lemire, Luper, and Mitchell, Porter is correct that these defendants did not file an answer by the June 19, 2024, deadline. In lieu of an answer, however, these defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the June 19, 2024, deadline. ECF No. 20. Rule 12(a)(4) makes clear that a Rule 12(b) motion to dismiss effectively suspends the time for filing a responsive pleading until 14 days *after* the court denies the motion or defers a ruling on the motion to trial. Fed. R. Civ. P. 12(a)(4)(A).

In this case, the three served defendants, Lemire, Luper, and Mitchell, filed a motion to dismiss on June 19, 2024, which was within the extended period granted on their motion. Defendants' Rule 12 motion is set for submission on July 31, 2024. ECF No. 20-1. Porter has the opportunity to oppose that motion by written opposition memorandum to be filed on or before July 23, 2024. Until the court disposes of the motion to dismiss or defers a ruling to trial, however, that motion suspends any deadline for these defendants to file an answer or responsive pleading. Defendants' answer is thus not delinquent, and there is no contempt or failure to obey a court order.

Even if Defendants had not timely filed a Rule 12 motion, defendants in a prisoner civil rights case may waive the filing of an answer or responsive pleading until otherwise ordered by the court. 42 U.S.C. § 1997e(g)(1) & (2). The court has not ordered defendants to file an answer or responsive pleading. The court's order granting an extension of time for defendants to do so was not a mandate that an answer had to be filed under the provisions of § 1997(e)(g)(2).

2

For the foregoing reasons, defendants have not failed to answer or file a responsive pleading in defiance of any court order as necessary to warrant a finding of contempt or award of sanctions.  Accordingly,

**IT IS ORDERED** that Tomarcus Porter's Motion for Civil Contempt Sanctions (ECF No. 27) is **DENIED**.

New Orleans, Louisiana, this 3rd day of July, 2024.

**DONNA PHILLIPS CURRAULT**
**UNITED STATES MAGISTRATE JUDGE**