UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TOMARCUS PORTER | CIVIL ACTION |
| VERSUS | NO. 24-0504 |
| CALEB LEMIRE, ET AL. | SECTION "E" (2) |

## ORDER AND REASONS

Plaintiff Tomarcus Porter filed a second Motion for Leave to File Supplemental Claim (ECF No. 53) to add additional factual support and legal arguments to support his claims against defendant Colonel Thomas Mitchell arising from the Colonel's alleged failure to properly investigate false disciplinary charges against plaintiff.   With his motion, Porter has submitted a copy of the disciplinary report date June 19, 2022, reflecting the disposition of the disciplinary charges against him.   ECF No. 53-1, at 1.

As background, in his original *pro se* and *in forma pauperis* complaint under 42 U.S.C. § 1983, Porter named as defendants Master Sergeant Caleb Lemire, Master Sergeant Dustin Luper, Colonel Mitchell, and Lieutenant Lance Wallace, correctional officers at B.B. "Sixty" Rayburn Correctional Center ("RCC").[1]   He alleged that the defendants committed assault and battery, due process violations of the 14th Amendment, excessive force in violation of the 8th Amendment, deliberate indifference, and malfeasance in office.   ECF No. 4, ¶IV, at 4.   He also asserted a failure to supervise claim against Lt. Wallace, a defendant who has not yet been served.   *Id*. Specific to Col. Mitchell, Porter alleged that Col. Mitchell wrote a fabricated disciplinary report against plaintiff.   *Id*. at 6.   He also alleges that Col. Mitchell overlooked his allegations of

---

[1] Since the filing of the complaint, the parties have clarified that the name of the defendant identified as Lieutenant Wallance is Lance Wallace, no longer employed at RCC.

excessive force by Sergeants Lemire and Luper and instead relied on the "RVR" or rules violation report written by the officers.   *Id.*

Amendments to pleadings are governed by FED. R. CIV. P. 15(a), which states that leave to amend "shall be freely given when justice so requires."[2]   District courts have discretion to determine whether justice requires granting leave.[3]   "A district court must possess a 'substantial reason' to deny a request for leave to amend, but 'leave to amend is by no means automatic.'"[4] The factors "includ[e] undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."[5]

The allegations included in the proposed supplemental complaint are closely related to the claims already asserted in Porter's original complaint.   The supplemental information expounds on his claims and allows Ported, a *pro se* plaintiff, to state his best claims against Colonel Mitchell. The court finds no dilatory motive or futility in allowing Porter to expound on his existing claims. In addition, defendants have not yet filed responsive pleadings and will suffer no apparent prejudice from the supplement explanations of Porter's claims against the defendants.

The supplemental complaint does not alter the findings and recommendations in my Report and Recommendation (ECF No. 40) recommending denial of defendants' Motion to Dismiss (ECF No. 16).   Accordingly,

---

[2] *See, e.g., Gibson v. Ocean Shipholdings, Inc.*, No. 15-0662, 2015 WL 4645663, at *2 (E.D. La. Aug. 4, 2015) (applying FED. R. CIV. P. 15(a) to motion to substitute party-defendant).
[3] *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *Daves v. Payless Cashways, Inc.*, 661 F.2d 1022, 1024 (5th Cir. 1981).
[4] *Jones v. Robinson Prop. Grp., L.P.*, 427 F. 3d 987 (5th Cir. 2005) (citing *Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002); *Halbert v. City of Cherman*, 33 F.3d 526, 529 (5th Cir. 1994)).
[5] *Id.* (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)).

      **IT IS ORDERED** that Porter's Motion for Leave to File Supplemental Claims (ECF No. 53) is **GRANTED**.

      **IT IS FURTHER ORDERED** that the Clerk of Court separately file and docket a copy of Porter's motion (ECF No. 53) and the attachment (ECF No. 53-1) as a plaintiff's Second Supplemental Complaint.

      New Orleans, Louisiana, this  10th  day of October, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE