UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TOMARCUS PORTER                                    CIVIL ACTION

VERSUS                                             NO. 24-504

CALEB LEMIRE, ET AL.                               SECTION "E" (2)

**ORDER AND REASONS**

Plaintiff Tomarcus Porter previously filed a motion for the appointment of counsel in this *pro se* federal civil rights case.[1]  On April 17, 2024, I denied the motion.[2]  Section 2(a) of this Court's May 1, 2024, Resolution governing the Civil Pro Bono Panel Program prohibits appointment of counsel for pro se prisoner cases until after completion of screening required by 28 U.S.C. § 1915A.  The undersigned issued Reports and Recommendations on August 16, 2024, and November 5, 2024, which the United States District Judge adopted on November 8, 2024.  ECF Nos. 40, 58, 58, 63.

On May 15, 2025, the United States District Judge re-opened Plaintiff's motion to appoint counsel and ordered the motion referred back to me for reconsideration given changed posture of the case since the previous order denying counsel.[3]  Accordingly, after considering the record and the applicable law, the request for reconsideration and the appointment of counsel are GRANTED IN PART for the reasons stated herein.

I.      **BACKGROUND**

Porter was a pretrial detainee in the B.B. "Sixty" Rayburn Correctional Center ("RCC") when he filed his *pro se* prisoner civil rights suit under 42 U.S.C. § 1983.  ECF No. 4, at ¶III(A),

---

[1] ECF No. 9.
[2] ECF No. 10.
[3] ECF No. 88.

1

at 3. Porter alleged several claims categorized as assault and battery, due process violations, excessive force, deliberate indifference, and malfeasance against defendants Caleb Lemire, Dustin Luper, Thomas Mitchell, and Lance Wallace. *Id.*, ¶IV, at 4. As relief, Porter requests injunctive relief and monetary damages. *Id.*, ¶V, at 5.

At the time of the original filing of Porter's motion to appoint counsel, the case was still in the preliminary screening stage. Porter's claims have now moved past preliminary screening and the case is in trial posture, having survived review and pretrial motion challenges by defendants.[4]

## II.  **APPLICABLE LAW**

Under 28 U.S.C. § 1915(e)(1), the court may appoint an attorney to represent a litigant in federal court. However, there is no automatic right to appointment of counsel in a civil rights case so the court should not appoint counsel as a matter of course or ordinary practice.[5] Indeed, even when a plaintiff has a nonfrivolous § 1983 claim, appointment of counsel is proper only when the case presents "exceptional circumstances."[6]

The Fifth Circuit has not articulated a comprehensive list of what constitutes "exceptional circumstances," but it has considered, among other things, the type and complexity of the case, the litigant's ability to investigate and present the case, and the level of skill required to present the evidence and in cross-examination.[7] The court also considers whether appointment would be a service to the court and all parties in the case by "sharpening  the issues . . . , shaping the

---

[4] ECF No. 59.

[5] *Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007) (citing *Castro Romero v. Becken*, 256 F.3d 349, 353–54 (5th Cir. 2001)); *see also Hadd v. LSG-Sky Chefs*, 272 F.3d 298, 301 (5th Cir. 2001); *Castro Romero v. Becken*, 256 F.3d 349, 353–54 (5th Cir. 2001).

[6] *Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982)); *Norton v. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997) (citing *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986)).

[7] *Naranjo*, 809 F.3d at 799 (quoting *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992)); *Castro Romero*, 486 F.3d at 354 (citing *Ulmer*, 691 F.2d at 212).

examination of witnesses, and thus shortening the trial and assisting in a just determination."[8]  The court may also consider the extent of a plaintiff's attempts to secure private counsel independently.[9]

Section 3(d) of the April 22, 2014 Resolution of the En Banc Court (permanently adopted on October 5, 2016), provides:  "In cases filed by prisoners, counsel may not be appointed from the Panel until the Magistrate Judge has determined that the case should proceed beyond the screening process required in 28 U.S.C. § 1915A."  In connection with the statutorily mandated screening review under 28 U.S.C. § 1915(e)(2), § 1915A, and 42 U.S.C. § 1997e(c), as applicable, the Court may also schedule a *Spears*[10] hearing as needed to assess plaintiff's claims.  Only after that hearing and upon completion of the required screening process will this Court be in a position to assess whether "exceptional circumstances" exist to necessitate appointment of counsel in this proceeding.[11]  The Court should also apply and briefly address in their appointment factors such as the merits of plaintiff's claims, previous efforts taken by plaintiff to obtain counsel and plaintiff's financial ability to retain counsel.[12]

## III.    ANALYSIS

Several factors tilt in favor of an appointment in this case. First, Porter's claims include

---

[8] *Ulmer*, 691 F.2d at 213.

[9] *See Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989).

[10] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), *overruled on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989); *see also Wilson v. Barrientos*, 926 F.2d 480, 482 (5th Cir. 1991) (discussing purpose of *Spears* hearing).

[11] There is no automatic right to appointment of counsel in a civil rights case, so the court may not appoint counsel as a matter of course or ordinary practice.  *Baranowski*, 486 F.3d at 126 (citing *Castro Romero*, 256 F.3d at 353–54); *see also Hadd*, 272 F.3d at 301. Rather, in civil rights cases, counsel should be appointed only upon a showing of "exceptional circumstances" based on a consideration of the type and complexity of the case, the litigant's ability to investigate and present the case adequately, and the level of skill required to present the evidence.  *Norton*, 122 F.3d at 293; *Ulmer*, 691 F.2d at 213; *Castro Romero*, 486 F.3d at 354; *see also Parker*, 978 F.2d at 193.  In addition, the court should consider whether appointment would be a service to the court and all parties in the case by "sharpening the issues . . . ., shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination."  *Ulmer*, 691 F.2d at 213.

[12] *See* April 22, 2014 Resolution of the En Banc Court (permanently adopted on October 5, 2016); *Gonzales v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990).

allegations of excessive force and deliberate indifference. Such claims are usually strenuously denied by law enforcement defendants, and the Court fully anticipates that the defendants in this case will mount a vigorous defense challenging the legal viability of Porter's claims, his version of the underlying events, and his veracity.

Second, in light of the nature of the claims, discovery, especially into the officers' work and disciplinary histories, may be necessary. Given the delicate nature of such discovery, the Court anticipates that the defendants will fiercely oppose such discovery, and that, obviously, would be difficult for a lay person to combat. Additionally, obtaining such discovery may present additional challenges for Porter which would benefit from the appointment of an attorney as he is no longer housed at RCC and instead is incarcerated at David Wade Correctional Center.

Third, defendants have demanded trial by jury.[13] A jury trial changes the calculus significantly. Of all the challenges encountered by lay persons proceeding without counsel, perhaps the greatest of those are selecting a jury, presenting evidence at trial within the bounds of the highly technical Federal Rules of Civil Procedure, posing appropriate trial objections, and conducting proper cross-examination. Moreover, it must be noted that the defendants in this case are represented by highly reputable counsel whose success as advocates in this Court is a matter of lengthy record. Therefore, to level the field and ensure that Porter's right of access to courts is truly meaningful in this matter, the assistance of counsel at a jury trial is particularly appropriate.

Lastly, even prior to trial, the appointment of counsel for Porter will possibly help weed out any nonviable claims or defendants, thereby narrowing the issues to be considered at trial.

---

[13] ECF No. 60, at 10; ECF No. 67, at 10.

While Porter does not provide sufficient information to enable this Court to exercise its discretion to compel counsel to represent him in this proceeding under *Naranjo*, for the convenience of the Court and considering Porter's *pro se* status and allegations, there is a sufficient basis to seek a volunteer attorney from the EDLA's Civil Pro Bono Panel. If, however, no volunteer attorney is available to assist Porter, Porter will be required to file a new Motion to Appoint Compulsory Counsel and present evidence to establish the existence of exceptional circumstances required before the Court may consider the exercise of its inherent power to compel an unwilling attorney to represent Porter.

## IV.  **CONCLUSION**

For the foregoing reasons,

IT IS ORDERED that plaintiff Tomarcus Porter's Motion to Appoint Counsel (ECF No. 9) is GRANTED IN PART.

IT IS FURTHER ORDERED that, for the convenience of the court and all parties, the Civil Pro Bono Panel Coordinator shall seek a volunteer attorney from the Civil Pro Bono Counsel Panel of this court to represent Plaintiff in this matter, in accordance with the April 22, 2014 Resolution of the En Banc Court, permanently adopted on October 5, 2016. Should a panel attorney volunteer to serve as counsel to Porter, this Court will then enter an Order appointing that attorney. Should no panel attorney volunteer, Porter will be required to file a new Motion to Appoint Compulsory Counsel.

New Orleans, Louisiana, this 19th day of May, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE